# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MULTILIFT WELLBORE TECHNOLOGY LIMITED and MULTILIFT WELLTEC, LLC, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 2:16-cv-01187-JRG-RSP |
| v. | § § § | |
| ESP COMPLETION TECHNOLOGIES, LLC and C&J ENERGY SERVICES, INC., | § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

### DEFENDANT ESP COMPLETION TECHNOLOGIES, LLC'S
### MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(B)(3)

MORGAN, LEWIS & BOCKIUS LLP

C. Erik Hawes, Lead Attorney
State Bar No. 24042543
*erik.hawes@morganlewis.com*
Adam A. Allgood
State Bar No. 24059403
*adam.allgood@morganlewis.com*
Ryan B. McBeth
State Bar No. 24078955
*ryan.mcbeth@morganlewis.com*
Elizabeth M. Chiaviello
State Bar No. 24088913
*elizabeth.chiaviello@morganlewis.com*

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

*Attorneys for Defendant ESP Completion Technologies, LLC*

-i-

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 1

III. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

IV. LEGAL STANDARD ........................................................................................................... 2

V. ARGUMENT ........................................................................................................................ 4

    A.  ESPCT Does Not Reside in the Eastern District of Texas .......................................... 4

    B.  ESPCT has Not Committed Acts of Infringement While Maintaining a Regular and Established Place of Business in the Eastern District of Texas ......... 6

VI. CONCLUSION ..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Akro Corp. v. Luker*,
   45 F.3d 1541 (Fed. Cir. 1995) ................................................................................................. 5

*Driving Force Techs., Inc. v. Panda Distribution, Inc.*,
   No. 4:10-cv-24, 2012 WL 1645634 (E.D. Tex. May 10, 2012) (Bush, Mag. J.) ..................... 5

*Garnet Digital, LLC v. Apple, Inc.*,
   893 F.Supp.2d 814 (E.D. Tex. 2012) ....................................................................................... 5

*Goodyear Dunlop Tires Operations S.A. v. Brown*,
   564 U.S. 915 (2011) ............................................................................................................. 5, 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 414 (1984) ................................................................................................................. 5

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ................................................................................................................. 5

*Loyalty Conversion Systems Corp. v. Am. Airlines, Inc.*,
   66 F.Supp.3d 795, 810 (E.D. Tex. 2014) (Bryson, J.) ............................................................. 7

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
   232 F.3d 1369 (Fed. Cir. 2000) ............................................................................................... 5

*Mink v. AAAA Development LLC*,
   190 F.3d 333 (5th Cir. 1999) ................................................................................................... 7

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ........................................................................................... 6, 7

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
   917 F.2d 1574 (Fed. Cir. 1990) ............................................................................................... 4

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ............................................................................................................ 5

*Wilson v. Belin*,
   20 F.3d 644 (5th Cir. 1994) ..................................................................................................... 5

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*,
   952 F.Supp. 1119 (W.D. Pa. 1997) ......................................................................................... 7

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES**

28 U.S.C. § 1391(c) ..................................................................................................................4

28 U.S.C. § 1391(d) ..................................................................................................................5

28 U.S.C. § 1400(b) ..............................................................................................................4, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................9

Fed. R. Civ. P. 12(b)(3).....................................................................................................3, 4, 9

Local Rule CV-5(c)..................................................................................................................10

U.S. Patent No. 9,441,435................................................................................................3, 4, 8

## I.   INTRODUCTION

Defendant ESP Completion Technologies, LLC ("ESPCT" or "Defendant") respectfully moves to dismiss Multilift Wellbore Technology Limited and MULTILIFT Welltec, LLC's (collectively, "Plaintiffs" or "Multilift") Complaint against ESPCT under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

## II.   BACKGROUND

Plaintiff Multilift Wellbore Technology Limited is a company incorporated in Scotland with its registered office in Aberdeen, Scotland.  Complaint, ¶ 1.  Plaintiff MULTILIFT Welltec, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas.  *Id.* at ¶ 2.  On October 26, 2016, Plaintiff filed a lawsuit accusing ESPCT of infringing "one or more claims" of U.S. Patent No. 9,441,435 (the " '435 Patent" or the "Asserted Patent").  *Id.* at ¶ 13.

ESPCT is a Texas limited liability company with its principal place of business in Missouri City, Texas, a suburb of Houston, Texas.  Declaration of Robert Fielder in Support of Motion, ¶ 2 ("Fielder Decl.").  ESPCT also has physical places of business in the following locations: Midland, Texas; Oklahoma City, Oklahoma; Williston, North Dakota; Ecuador; and Dubai.  *Id.*  ESPCT does not have, and has never had, a physical location in the Eastern District of Texas.  *Id.*, ¶ 3.

ESPCT's documents and corporate records are primarily maintained at its corporate headquarters in Missouri City.  *Id.*, ¶ 4.  No such materials are maintained in the Eastern District of Texas.  *Id.*  ESPCT does not have any employees who live or work in the Eastern District of Texas.  *Id.*, ¶ 5.  Further, ESPCT has not sold products to any customer based in the Eastern District of Texas, nor has it sold any products or services that it delivered to a location within the

1

Eastern District of Texas. *Id.*, ¶ 6. Once ESPCT has sold a product to a domestic customer, it is generally unaware of where its products are sent or used by its customers within the United States. *Id.* Nevertheless, ESPCT is not aware of any customer using any ESPCT product within the Eastern District of Texas. *Id.* Similarly, ESPCT has never offered to sell the product at issue in this case within the Eastern District of Texas. *Id.*, ¶ 7. Although ESPCT has a website (www.espctllc.com), it is purely informational and does not permit a customer—in the Eastern District of Texas, or any other District—to purchase any product or service. *Id.*, ¶ 8.

ESPCT simply has no contacts with the Eastern District of Texas, whether related to the accused products or otherwise, and thus by definition has not engaged in any acts in this District that could possibly constitute infringement of the '435 Patent. Accordingly, venue is improper in this District and the Complaint should be dismissed as to ESPCT pursuant to Fed. R. Civ. P. 12(b)(3).

### III.  STATEMENT OF THE ISSUE TO BE DECIDED

1. Whether this District is the proper venue for Multilift's claims against ESPCT.

### IV.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to file a motion to dismiss based on improper venue. In patent cases, venue is proper "in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). With respect to the first portion of § 1400(b), a corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *see also VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). More specifically, in a state with multiple judicial districts, such as Texas, a corporate defendant is

"deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State [or] in the district within which it has the most significant contacts."  28 U.S.C. § 1391(d).  Thus, "a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper."  *Garnet Digital, LLC v. Apple, Inc.*, 893 F.Supp.2d 814, 815 (E.D. Tex. 2012).

"The minimum contacts requirement is satisfied by either: (1) contacts that give rise to general personal jurisdiction or (2) contacts that give rise to specific personal jurisdiction." *Driving Force Techs., Inc. v. Panda Distribution, Inc.*, No. 4:10-cv-24, 2012 WL 1645634, at *2 (E.D. Tex. May 10, 2012) (Bush, Mag. J.) (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).  The law of the Federal Circuit, rather than that of the regional circuit, applies when determining whether to exercise personal jurisdiction over an accused infringer.  *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

"General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 414, 414–16 (1984)).  In the case of corporate defendants, it is proper for a court to exercise general jurisdiction when a corporation is "essentially at home" in the forum.  *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011).

With specific jurisdiction, the analysis "focuses on the 'relationship among the defendant, the forum, and the litigation.'"  *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).  The Federal Circuit created a three-prong

test to determine whether a court can permissibly exercise specific jurisdiction over a non-resident defendant in a patent case: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether the assertion of personal jurisdiction is reasonable and fair.  *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010).

## V. ARGUMENT

Even if the Plaintiffs' claim against ESPCT was legally viable – which it are not (*see* Defendants' Motion to Dismiss for Failure to State a Claim) – it is one that the parties could adjudicate adequately in any federal forum.  In particular, Plaintiffs have not made a prima facie showing that venue is proper in the Eastern District of Texas because ESPCT does not reside in the District.  Further, Plaintiffs have not made, nor could they possibly make, any showing that ESPCT committed alleged acts of infringement in the Eastern District while having a regular and established place of business there.

### A.     ESPCT Does Not Reside in the Eastern District of Texas.

ESPCT does not "reside" in the Eastern District of Texas because it would not be subject to personal jurisdiction in this District if it were a separate state.  The Complaint does not allege general jurisdiction over ESPCT in the Eastern District.  *See* Complaint.  Even if it did, there is no general jurisdiction as a matter of law because ESPCT does not have "affiliations with [the Eastern District] that are so 'continuous and systematic' as to render [it] essentially at home in [this District]."  *Goodyear*, 564 U.S. at 919.  Because ESPCT's principal place of business is in Missouri City, Texas, the Southern District of Texas is its home forum.  *See* Fielder Decl., ¶ 2.  Moreover, far from having "continuous and systematic" contacts with the Eastern District of Texas, ESPCT has actually had no contacts with this District at all.

In particular, ESPCT has not sold products to any customer based in the Eastern District of Texas, nor has it sold any products or services that it delivered to a location within the Eastern District of Texas.  Fielder Decl., ¶ 6.  Once ESPCT has sold a product to a domestic customer, it is generally unaware of where its products are sent or used by its customers within the United States.  *Id*.  Nevertheless, ESPCT is not aware of any customer using any ESPCT product within the Eastern District of Texas.  *Id.*

Although ESPCT does maintain a publicly available website, passive websites—*i.e.*, websites that simply post information—cannot form a basis for personal jurisdiction.  *See Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997); *see also Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999), *Loyalty Conversion Systems Corp. v. Am. Airlines, Inc.*, 66 F.Supp.3d 795, 810 (E.D. Tex. 2014) (Bryson, J.) (finding personal jurisdiction based on an interactive website, which allowed customers to purchase air travel).  ESPCT's website (www.espctllc.com) is a passive website and is not specifically directed to the Eastern District.  Fielder Decl., ¶ 8.  ESPCT's website is purely informational and does not permit a customer to purchase any product or service, whether the allegedly infringing product or anything else.  *Id*.  As a result, the Complaint does not—because it cannot—make a prima facie showing that ESPCT resides in this District with sufficient minimum contacts to warrant the exercise of personal jurisdiction.

With respect to specific jurisdiction, the Complaint does not allege that its claims of infringement arise out of ESPCT *purposefully* directing any allegedly infringing activities to this District.  *See* Complaint; *see also Nuance*, 626 F.3d at 1231.  The Complaint merely makes conclusory statements that venue is proper because the parties conduct business within the Eastern District of Texas and ESPCT has "engaged in acts in this district and division, which

constitute infringement of U.S. Patent No. 9,441,435." Complaint, ¶ 6. The Complaint claims those acts of infringement were "using, selling, and/or offering to sell in the United States, at least the Sand Eliminator, which comes within and/or is operated within the scope of one or more claims of [Plaintiffs'] U.S. Patent No. 9,441,435." Complaint, ¶ 13. Again, however, the Plaintiffs' conclusory statements are belied by the actual facts. In reality, the accused Sand Eliminator product has never been sold, offered for sale, or shipped to the Eastern District of Texas. Fielder Decl., ¶¶ 6–7. The Complaint fails to allege ant facts that could possibly support a claim that ESPCT *purposefully* directed any allegedly infringing acts towards the Eastern District—a failure which is understandable, given the reality that ESPCT does not purposefully direct *any* activities towards this District.

Consequently, the Complaint fails make any plausible allegations that ESPCT purposefully directed, or conducted, any activities within the Eastern District, whether in relation to the accused products or otherwise. As a result, the Complaint falls short of making a prima facie showing that ESPCT resides in this District and the claims against ESPCT must therefore be dismissed for improper venue.

**B.   ESPCT Has Not Committed Acts of Infringement While Maintaining a Regular and Established Place of Business in the Eastern District of Texas.**

As stated above, ESPCT does not reside in this District, thus ESPCT cannot have committed acts of infringement in the Eastern District of Texas while maintaining a regular and established place of business. *See* Fielder Decl., ¶¶ 2–3, 6. Indeed, ESPCT has never had a regular and established place of business in this District and, as a result, the second portion of 28 U.S.C. § 1400(b) cannot possibly be satisfied.

Because ESPCT also does not reside in this District, venue is plainly improper and all claims as to ESPCT must be dismissed, even if Plaintiffs' Complaint withstands Defendants' motion to dismiss on the merits under Fed. R. Civ. 12(b)(6).

## VI. **CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint against ESPCT for improper venue under Rule 12(b)(3).

Dated: December 9, 2016

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

 /s/ C. Erik Hawes
C. Erik Hawes, Lead Attorney
State Bar No. 24042543
*erik.hawes@morganlewis.com*
Adam A. Allgood
State Bar No. 24059403
*adam.allgood@morganlewis.com*
Ryan B. McBeth
State Bar No. 24078955
*ryan.mcbeth@morganlewis.com*
Elizabeth M. Chiaviello
State Bar No. 24088913
*elizabeth.chiaviello@morganlewis.com*

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

*Attorneys for Defendant ESP Completion Technologies, LLC*

DB1/ 90047824.1

7

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system per Local Rule CV-5(c) on December 9, 2016.

>	*/s/ C. Erik Hawes*
>	C. Erik Hawes