# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MULTILIFT WELLBORE §<br>TECHNOLOGY LIMITED and MULTILIFT §<br>WELLTEC, LLC, §<br> §<br>    *Plaintiff*, §<br> §<br>v. §<br> §<br>ESP COMPLETION §<br>TECHNOLOGIES, LLC and §<br>C&J ENERGY SERVICES, INC., §<br> §<br>    *Defendants*. § | Civil Action No. 2:16-cv-01187-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS ESP COMPLETION TECHNOLOGIES, LLC AND C&J ENERGY SERVICES, INC.'S MOTION TO DISMISS UNDER RULE 12(B)(6)

MORGAN, LEWIS & BOCKIUS LLP

C. Erik Hawes, Lead Attorney
State Bar No. 24042543
*erik.hawes@morganlewis.com*
Adam A. Allgood
State Bar No. 24059403
*adam.allgood@morganlewis.com*
Ryan B. McBeth
State Bar No. 24078955
*ryan.mcbeth@morganlewis.com*
Elizabeth M. Chiaviello
State Bar No. 24088913
*elizabeth.chiaviello@morganlewis.com*

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

*Attorneys for Defendant* ESP *Completion Technologies, LLC*

## TABLE OF CONTENTS

                                                                                                                         Page

I.     INTRODUCTION .................................................................................................... 3

II.    BACKGROUND ...................................................................................................... 3

III.   STATEMENT OF ISSUES TO BE DECIDED .................................................... 4

IV.   LEGAL STANDARD .............................................................................................. 4

V.    ARGUMENT AND AUTHORITIES ..................................................................... 6

          1.     The Court Should Dismiss Multilift's Claim for Direct Infringement Because it Is Unsupported by Sufficient Factual Allegations ............................... 6

          2.     The Court Should Dismiss Multilift's Claim for Indirect Infringement Because it Is Unsupported by Sufficient Factual Allegations ............................... 9

                 i.     Multilift Has Failed to Allege Sufficient Facts to State a Claim for Contributory Infringement .......................................................................... 9

                 ii.    Multilift Has Failed to Allege Sufficient Facts to State a Claim for Induced Infringement ................................................................................ 10

          3.     The Court Should Dismiss Multilift's Claim for Willful Infringement Because it Is Unsupported by Sufficient Factual Allegations ............................ 11

VI.   CONCLUSION ...................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Amstar Corp. v. Envirotech Corp.*,
   730 F.2d 1476 (Fed. Cir. 1984)......................................................................................................7

*Aquatex Indus., Inc. v. Techniche Solutions*,
   479 F.3d 1320 (Fed. Cir. 2007)......................................................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................6, 7, 10

*Atlas IP, LLC v. Exelon Corp.*,
   15-cv-10746, 2016 WL 2866134 (N.D. Ill. May 17, 2016)...........................................................9

*Atlas IP, LLC v. Pacific Gas & Elec. Co.*,
   No. 15-cv-05469, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ...................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................................6, 7, 10

*C&F Packing Co., Inc. v. IBP, Inc.*,
   224 F.3d 1296 (Fed. Cir. 2000)......................................................................................................5

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*,
   No. 2:16-cv-00857, 2016 WL 4521682 (D. Nev. Aug. 29, 2016)...............................................13

*Core Wireless Licensing S.A.R.L. v. Apple, Inc.*,
   No. 6:14-cv-751, 2015 WL 5000397 (E.D. Tex. June 3, 2015) ..............................................7, 11

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)....................................................................................................11

*Diamond Grading Technologies, Inc. v. Am. Gem Society*,
   Nos. 2:14-cv-1161, 2:14-cv-1162, 2016 WL 3902482 (E.D. Tex. Mar. 30,
   2016) ............................................................................................................................................14

*Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*,
   No. 1:15-cv-188, 2016 WL 6561566 (M.D. Ga. Nov. 2, 2016) ....................................................9

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006)....................................................................................................12

*e.Digital Corp. v. iBaby Labs, Inc.*,
   No. 15-cv-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016)...................................9, 10

DB1/ 90047896.1

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................................................................................12, 13

*In re Bill of Lading*,
   681 F.3d 1323 (Fed. Cir. 2012) ....................................................................................11, 12

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ................................................................................................6

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) ................................................................................................6

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ............................................................................................5

*Princeton Digital Image Corp. v. Ubisoft Entertainment SA*,
   No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4, 2016) .....................................14

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
   No. CV 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) ........................................9

*Robern, Inc. v. Glasscrafters, Inc.*,
   No. 16-1815, 2016 WL 3951726 (D. N.J. July 22, 2016) ....................................................9

*Ruby Sands LLC v. Am. Nat. Bank of Texas*,
   No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ................6, 7, 11, 12

*S. Christian Leadership Conf. v. Supreme Ct. of the State of La.*,
   252 F.3d 781 (5th Cir. 2001) ................................................................................................6

*Scripps Research Institute v. Illumina, Inc.*,
   No. 16-cv-661, 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) ...........................................14

*United States ex rel Doe v. Dow Chem. Co.*,
   343 F.3d 325 (5th Cir. 2003) ................................................................................................6

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016) ..........................................................................................13

**STATUTES**

35 U.S.C. § 271(a) .......................................................................................................................7

35 U.S.C. § 271(b) ........................................................................................................10, 11, 12

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

35 U.S.C. § 271(c) ...................................................................................................................10, 11

35 U.S.C. § 284............................................................................................................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2).....................................................................................................................5

Fed. R. Civ. P. 12(b)(6)...................................................................................................4, 5, 10, 14

Local Rule CV-5(c).......................................................................................................................15

U.S. Patent 9,441,435 .....................................................................................................................7

U.S. Patent No. 9,441,435................................................................................................... *passim*

## I. INTRODUCTION

Defendants ESP Completion Technologies, LLC ("ESPCT") and C&J Energy Services, Inc. ("CJES") (collectively "Defendants") respectfully move to dismiss Multilift Wellbore Technology Limited and MULTILIFT Welltec, LLC's (collectively, "Plaintiffs" or "Multilift") Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Although it is said that brevity is the soul of wit, Multilift's five-page Complaint in this case has taken that sentiment too far.  The Complaint is utterly devoid of any **factual** assertions that could plausibly support any of the asserted claims.  Accordingly, the Complaint should be dismissed in its entirety as a matter of law.

## II. BACKGROUND

On October 26, 2016, Plaintiffs filed a lawsuit accusing ESPCT of infringing "one or more claims" of U.S. Patent No. 9,441,435 (the " '435 Patent" or the "Asserted Patent").  The '435 Patent is titled "Downhole Apparatus and Method."  *See* '435 Patent, Docket No. 1-1. The Complaint refers in passing to "Count 1" of the patent but does not even attempt to explain the factual basis of Multilift's claims.  Instead, the Complaint makes only conclusory allegations that ESPCT infringes the '435 Patent because the accused Sand Eliminator product is "similar to" Multilift's own commercial product, the SandGuard.  Complaint, ¶ 10.  That point bears repeating—Multilift does **not** allege, even in conclusory fashion, that ESPCT's accused product practices the elements of any actual claim in the '435 Patent, but rather that there is some unidentified similarity between the parties' competing commercial products, as though such a comparison has any relevance to the question of patent infringement.  That allegation is insufficient as a matter of law to support a claim of direct patent infringement.

1

The Complaint further claims that ESPCT indirectly infringes the '435 Patent "through contributory and/or induced infringement." *Id.* As with the direct infringement claim, the Complaint fails to set forth factual allegations which, even if accepted as true, would support such a claim. Finally, Multilift asserts that ESPCT's alleged infringement was willful. *Id.*, ¶ 14. Again, the Complaint fails to articulate factual allegations sufficient to support such a claim as a matter of law.

### III. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Complaint states sufficient facts to support a claim for direct infringement.

2. Whether the Complaint states sufficient facts to support a claim for indirect infringement.

3. Whether the Complaint states sufficient facts to support a claim for willful infringement.

### IV. LEGAL STANDARD

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007); *see also C&F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000). Thus, courts should apply "the law of the regional circuit" in evaluating such a motion. *Id.* at 1356 (citation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs pleadings in patent infringement cases, providing that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Thus, even accepting the complaint's well-pleaded facts as true, courts may disregard any legal conclusions not supported by factual allegations. *Id.* at 678–79; *see S. Christian Leadership Conf. v. Supreme Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Additionally, while a plaintiff may plead claims upon information and belief, "the complaint must set forth the basis for such belief." *United States ex rel Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003). When considering a motion to dismiss, courts may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Moreover, since the Supreme Court abrogated Form 18 of the Federal Rules, effective December 1, 2015, a plaintiff asserting direct patent infringement must plead sufficient facts to plausibly support such a claim. *See Ruby Sands LLC v. Am. Nat. Bank of Texas*, No. 2:15-cv-1955-JRG, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016).

## V. ARGUMENT AND AUTHORITIES

In the sole count of the Complaint, Plaintiffs purport to assert claims of direct, indirect, and willful infringement. Complaint, ¶¶ 13–14. Because none of those claims are supported by sufficient factual allegations, Plaintiffs' Complaint should be dismissed in its entirety.

### 1. The Court Should Dismiss Multilift's Claim for Direct Infringement Because it Is Unsupported by Sufficient Factual Allegations.

In order "to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Ruby Sands*, 2016 WL 3542430, at *2 (quoting 35 U.S.C. § 271(a)). Accordingly, the Complaint must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Core Wireless Licensing S.A.R.L. v. Apple, Inc.*, No. 6:14-cv-751, 2015 WL 5000397, at *2 (E.D. Tex. June 3, 2015) (quoting *Twombly*, 550 U.S. at 545).

The Complaint here fails to make any plausible allegations of direct infringement of the '435 Patent under the standards set forth in the Federal Rules and under the *Twombly* / *Iqbal* standard. Other than purely conclusory boilerplate-level statements, the only effort to explain the basis of Plaintiffs' infringement claim is the following: "ESPCT's Sand Eliminator is substantially similar to Multilift's SandGuard. **As such**, both C&J Energy and ESPCT, directly and/or indirectly infringe Multilift's U.S. Patent 9,441,435. . . ." Complaint, ¶ 10 (emphasis added). Setting aside the incredibly vague nature of this assertion—not to mention the fact that it is demonstrably false, as will become apparent during the course of this dispute—it is simply irrelevant to a claim of patent infringement. "Infringement is not determined . . . by comparison between commercial products sold by the parties." *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1481–82 (Fed. Cir. 1984). As a result, it is improper to even take into consideration the

features of the plaintiff's commercial product when evaluating infringement. *Aquatex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328 (Fed. Cir. 2007) ("This [infringement] inquiry leaves no room for consideration of the patentee's product.").

Aside from this one passing and plainly irrelevant comment, the Complaint makes no effort at all to explain the factual basis of Multilift's claim of direct infringement with respect to **any** claim element, let alone all elements of any particular claim, as required for a viable infringement claim. *See id.* Claim 1 of the '435 Patent—the only claim even referenced (as "Count 1")—includes the following elements:

> 1. A downhole apparatus comprising:
>
> a body configured to be coupled to a production tubular and comprising and upper opening and a lower opening;
>
> a first flow path between the upper opening and the lower opening in the body;
>
> a second flow path between the upper opening and the lower opening in the body;
>
> a flow diverter arranged to direct downward flow through the body towards the second flow path and away from the first flow path; and
>
> a device in the second flow path for filtering or collecting solid particles from the second flow path;
>
> wherein the first flow path and the second flow path are in fluid communication with one another; and
>
> wherein fluid flowing in the first flow path in an upward direction causes fluid flow in the second flow path which carries filtered or collected solid particles away from the device.

Defendants are forced to guess as to how ESPCT's accused product allegedly satisfies **any** of these claim elements.

Under the *Twombly/Iqbal* standard, which now applies with the abrogation of Form 18, a complaint asserting direct infringement must "plausibly allege that the accused products practice each of the limitations found in at least one asserted claim." *e.Digital Corp. v. iBaby Labs, Inc.*,

No. 15-cv-05790-JST, 2016 WL 4427209, at *4 (N.D. Cal. Aug. 22, 2016). Recent case law from across the country is replete with examples of cases where courts have dismissed infringement claims due to a failure to meet this standard. *See, e.g., See also*, *Atlas IP, LLC v. Exelon Corp.*, 15-cv-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."), *Atlas IP, LLC v. Pacific Gas & Elec. Co.*, No. 15-cv-05469, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) (finding a complaint insufficiently pled infringement by "provid[ing] only a threadbare description of the alleged abilities of the accused device") *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. CV 15-152-RGA, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016) (dismissing a complaint where it was not obvious how the plaintiff's factual assertions described the claim elements: "There is nothing in the complaint . . . that hints at the role of pressure in Defendant's products."), *Robern, Inc. v. Glasscrafters, Inc.*, No. 16-1815, 2016 WL 3951726, *5 (D. N.J. July 22, 2016) (dismissing a complaint where the plaintiff "made no attempt to describe the alleged infringement and also failed to relate factual assertions to the pertinent claims in the [asserted] patent"), *Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, No. 1:15-cv-188, 2016 WL 6561566, *3 (M.D. Ga. Nov. 2, 2016) (dismissing a complaint where the plaintiff alleged the certain accused products "meet each and every element of at least one claim" of the asserted patents, but "makes no effort to explain how Defendants' products infringe on any of Plaintiff's claims"). Moreover, many of these cases involved plaintiffs who had included allegations considerably more detailed than those in the present case. In *e.Digital*, for example, although the plaintiff's amended complaint "attempted to map <u>most</u> of the elements in the exemplary claim onto its description of the accused products," the court dismissed the

complaint because it did not attempt to allege facts related to <u>all</u> of the representative claim's limitations.  *e.Digital Corp. v. iBaby Labs, Inc.*, 2016 WL 4427209, at *5 (emphasis added).

In the present case, as discussed above, the Complaint falls far short of the current standard for pleading a claim of direct infringement.[1]  Multilift's conclusory and threadbare allegations do not and cannot provide any plausible inference of direct infringement of any claim of the '435 Patent, as required by *Twombly* and *Iqbal*.  Accordingly, Multilift's claim of direct infringement should be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

### 2. The Court Should Dismiss Multilift's Claim for Indirect Infringement Because it Is Unsupported by Sufficient Factual Allegations.

Multilift also purports to assert a claim of indirect infringement with the off-handed comment that Defendants have infringed "directly and indirectly, through contributory and/or induced infringement, by using, selling and/or offering to sell" the accused product.  Complaint, ¶ 13.  A simple citation to 35 U.S.C. §§ 271(b) and (c) is the sum total of the basis for Multilift's claim of indirect infringement.  Such purely conclusory recitations are insufficient as a matter of law to assert a viable claim of either contributory or induced infringement.

#### i. Multilift Has Failed to Allege Sufficient Facts to State a Claim for Contributory Infringement.

Contributory infringement occurs if a defendant sells or offers to sell "a component . . . for use in practicing a patented process constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent" and the component sold or offered for sale has no "substantial noninfringing use."  35 U.S.C. § 271(c).  As such, "a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its

---

[1] It is entirely possible that Multilift itself does not know how or even whether the accused product purportedly infringes the claims of the '435 Patent.  If that is the case, however, then the Complaint should obviously never have been filed in the first place.

components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use." *Ruby Sands*, 2016 WL at 3542430 at *3 (citing 35 U.S.C. § 271(c); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)). "For the purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement." *In re Bill of Lading*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) (emphasis in original).

Multilift's Complaint fails to even recite the required elements of a claim for contributory infringement, let alone articulating factual assertions which could plausibly establish those elements. There is no allegation of direct infringement by a third party. There is no allegation that the accused product was especially made for any particular purpose, or that ESPCT knew such a purpose to be both patented and infringed. There is no allegation that the accused products have no substantial non-infringing use. Quite simply, there is nothing other than the words "contributory" and "infringement." On those facts alone, Multilift has failed to place ESPCT on sufficient notice as to what claim it must defend. *See Core Wireless*, 2015 WL 5000397 at *2. Accordingly, Multilift's claim of contributory infringement should be dismissed as a matter of law.

      ii.    **<u>Multilift Has Failed to Allege Sufficient Facts to State a Claim for Induced Infringement.</u>**

A claim for induced infringement requires that a defendant "actively induce[d] infringement of a patent." 35 U.S.C. § 271(b). To sufficiently state a claim for induced infringement, "a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Ruby Sands*, 2016 WL at 3542430 at *3 (citing 35 U.S.C. § 271(b); *In re Bill of Lading*, 681 F.3d at 1339). Further, knowledge of the patent is not

adequate to support a claim for induced infringement.  *Id.*  "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."  *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

Again, Multilift's Complaint makes no such factual allegations that ESPCT encouraged another person or entity to infringe the '435 Patent.  *See* Complaint, ¶ 13.  There is no allegation of direct infringement by a third party.  There is no allegation that ESPCT specifically intended any third party to infringe the '435 Patent.  There is no allegation that ESPCT knew of any act of any third party that would constitute infringement of the patent.  Again, there is nothing.  Because the Complaint provides no basis for ESPCT to ascertain what acts constitute inducement or even who it has allegedly induced to infringe, this claim should be dismissed as a matter of law.

### 3. The Court Should Dismiss Multilift's Claim for Willful Infringement Because it Is Unsupported by Sufficient Factual Allegations.

Section 284 of the Patent Act provides that a "court may increase the damages up to three times the amount found or assessed."  35 U.S.C. § 284.  In considering whether to award enhanced damages under a claim for willful infringement, courts consider "[t]he subjective willfulness of a patent infringer, intentional or knowing . . . without regard to whether his infringement was objectively reckless."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016).  Awarding enhanced damages should be reserved as a "sanction for egregious infringement behavior" which may be described as "willful, wanton, malicious bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Id.* at 1932.

Under this new guidance from *Halo*, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."  *WBIP, LLC v. Kohler Co.*, 829

F.3d 1317, 1341 (Fed. Cir. 2016). However, knowledge of the patent is necessary <u>but not sufficient</u>. *See Halo*, 136 S. Ct. at 1938 (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*.") (emphasis in original); *see also CG Tech. Dev., LLC v. Big Fish Games, Inc.*, No. 2:16-cv-00857, 2016 WL 4521682, *14 (D. Nev. Aug. 29, 2016). The Complaint must plead more beyond simply having knowledge of the '435 Patent to plausibly state a claim for willful infringement. At a minimum, <u>subjective</u> willfulness—particularly egregious behavior—is required. *Halo*, 136 S. Ct. at 1933. In the present case, as with all of the other claims discussed above, Multilift's Complaint fails to allege the necessary facts to support a claim of willful infringement. Multilift alleges <u>only</u> that the purported infringement was willful "because it [*sic*, Defendants] had knowledge of U.S. Patent No. 9,441,435 through direct and/or indirect communications with Multilift and/or as a result of their participation in oil and gas production using artificial lift." Complaint, ¶ 14. Even if this was sufficient to plausibly allege knowledge of the patent—which it is not, as discussed below—that would be insufficient as a matter of law to establish willfulness. The Complaint does not allege subjective willfulness or any facts that could plausibly support such an allegation. Because the Complaint alleges nothing more than mere knowledge of the patent, the willfulness claim fails as a matter of law and should be dismissed.

  Moreover, the Complaint fails to plausibly support even the legally insufficient element of knowledge of the patent. In particular, the Complaint does not actually identify any pre-suit communications between the parties, nor does it provide any hint as to what an "indirect communication" might be. The Complaint also fails to explain how ESPCT's "participat[ion] in oil and gas production using artificial lift" could constitute notice of Multilift's patent—which

had only issued approximately one month before suit was filed—let alone notice that ESPCT could possibly be infringing that recently issued patent. Multilift's conclusory allegations are legally insufficient to establish even the basic fact that ESPCT was aware of the asserted patent. *Scripps Research Institute v. Illumina, Inc.*, No. 16-cv-661, 2016 WL 6834024, at *7 (S.D. Cal. Nov. 21, 2016) (dismissing a claim for willful infringement because the plaintiff failed to plausibly allege that the defendant had knowledge of the asserted patent), *Princeton Digital Image Corp. v. Ubisoft Entertainment SA*, No. 13-335-LPS-CJB, 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016) (recommending dismissing a claim for willful infringement because the complaint did not plead facts showing the defendants had knowledge of the asserted patent), *Diamond Grading Technologies, Inc. v. Am. Gem Society*, Nos. 2:14-cv-1161, 2:14-cv-1162, 2016 WL 3902482, *2 (E.D. Tex. Mar. 30, 2016) (dismissing a complaint's allegations for willful infringement because sufficient facts were not plead that would have supported a finding that defendants were on notice of the asserted patent).

As with all of its other claims, Multilift has failed to articulate any factual allegations which, even if taken as true, could plausibly establish a claim of willful infringement.

## VI. CONCLUSION

For each of the foregoing reasons, the Court should dismiss Plaintiffs' Complaint against Defendants for failure to state a claim under Rule 12(b)(6).

Dated: December 9, 2016

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

 /s/ C. Erik Hawes
C. Erik Hawes, Lead Attorney
State Bar No. 24042543
*erik.hawes@morganlewis.com*
Adam A. Allgood
State Bar No. 24059403
*adam.allgood@morganlewis.com*
Ryan B. McBeth
State Bar No. 24078955
*ryan.mcbeth@morganlewis.com*
Elizabeth M. Chiaviello
State Bar No. 24088913
*elizabeth.chiaviello@morganlewis.com*

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

*Attorneys for Defendant ESP Completion Technologies, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served via the Court's CM/ECF system per Local Rule CV-5(c) on December 9, 2016.

 /s/ C. Erik Hawes
C. Erik Hawes